## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

87    381
f110   237

BRUCE v. THE JOHN L. ROPER LUMBER CO.

January 22d, 1891.

1. EVIDENCE—*Parol—Admissible as to third parties.*—The rule excluding parol evidence to contradict written, cannot affect third parties, who are not precluded by recitals in written contracts between others, from showing what was the real transaction. *Barreda* v. *Silsbee*, 21 How., 169.

2. IDEM—*License—Revocable—Case at bar.*—D. leased to R., for a term of years, the exclusive right to and possession of certain land, to cut and remove the lumber. After R. had for several years been engaged in carrying out the lease, he agreed in writing to sell to B. (who was aware of R.'s rights), the lumber standing on the land. B. proceeded to cut and remove the same. R. enjoined B., who was unable to pay damages. By parol, it appeared that D.'s contract with B. was restricted to "down and refuse timber," and that D. had revoked it: *held*, R. was not precluded from using parol evidence to show the true contract between D. and B. And the agreement for D. to sell to B. the standing timber was a mere license, and revocable at D.'s volition.

Appeal from decree of circuit court of Nansemond county, rendered April 13th, 1888, in a cause wherein the John L. Roper Lumber Company was complainant, and B. M. Bruce was defendant. The decree perpetually enjoined the defendant from cutting and removing certain standing timber, to which the complainant company laid claim, and he appealed. Opinion states the case.

*S. D. Davies* and *E. E. Holland,* for the appellant.

*White & Garnett,* for the appellee·

HINTON, J., delivered the opinion of the court.

This is a controversy between the appellant and appellee as to the right of the former to cut timber in that part of the Dismal Swamp which, from its proximity to Suffolk, is known as the "Suffolk side" of the Swamp.

The appeal is taken from a decree of the circuit court of Nansemond county which perpetuates the injunction previously awarded, and allows the defendant, Bruce, "to remove from the lands in the bill and proceedings mentioned all the timber which he had cut thereon prior to the 14th day of August, 1886, that being the date on which he received notice from the Dismal Swamp Land Company to cease cutting on said lands." * *

This decree, we think, after repeated and careful examinations of the record and the able argument presented for the appellant, should be sustained, because we are satisfied that, no matter what may be the rights, if any, of the said Bruce under his contract to cut "down and refuse lumber," that those rights were to be taken in subordination to the rights of the John L. Roper Lumber Company, and never were intended to extend to the cutting of the juniper and cypress lumber, except as a sub-contractor of that company.

Without going into a detailed statement of all the testimony upon these points, we think it sufficient to say all this fully appears, not only from the testimony of Royall, Hening and Roper, but from the testimony and acts of Bruce as well, for after having waited some time, according to his own admission, to find out from Roper's own lips what were the rights of John L. Roper Lumber Company, and whether they had been surrendered so far as the Suffolk side of the Swamp, thus impliedly admitting, that whatever those rights were, that he knew that they were superior to his own, he nevertheless, without having seen Roper, went on and entered into the con-

tract with Royall, president of the Dismal Swamp Land Company, and commenced to cut timber, both dead and growing, under it.

In answer to the 33d cross-question, which is in these words: "Then you knew, both in person and by letter from the president of the lumber company, that he declined to let you cut juniper and cypress timber, and you say that at your second interview Mr. Roper told you that he had a contract for all the juniper on the company's land, and that Mr. Royall had no right to contract with me, you or any one else? Is that so?" he says:

"Yes, sir." Thus showing in the clearest manner, as we have said before, that although he was aware of the superior rights of the lumber company, he went on and acted in defiance of them.

The court is also of opinion that although neither Bruce nor the Dismal Swamp Land Company can be allowed, as between themselves, to introduce testimony to contradict the contract made between them, that it is competent for the lumber company, a stranger to said contract, to show what was the true meaning and scope of that contract. *Barreda* v. *Silsbee*, 21 How., 169, and cases there cited.

The rule, says Mr. Greenleaf, excluding parol proof in such cases, is applied only (in suits) between the parties to the instrument.    *    *    It cannot affect third parties, who, if it were otherwise, might be prejudiced by things recited in the writings contrary to the truth, through the ignorance, carelessness, or fraud of the parties, and who ought not, therefore, to be precluded from proving the truth, however contradictory to the written statements of others.    1 Greenl. Ev., sec. 279.

And the court is further of opinion that that contract, when viewed in the light of the surrounding circumstances, amounts to a mere license revocable at the will of the Dismal Swamp Land Company, and that the same was revoked on the 14th day of August, 1886, by the notice sent them on that day.

Entertaining these views as to the facts, we only deem it necessary to add that we concur in the decree entered by the lower court, and that the same must be affirmed.

DECREE AFFIRMED.