## ASSIGNED ESTATE OF SELSER & BROTHER.

APPEAL BY NATIONAL STATE BANK FROM THE COURT OF
    COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued March 30, 1891—Decided April 13, 1891.

1. Where, prior to an assignment for creditors, accounts were stated yearly by a creditor, with usurious interest charged, and notes given by the debtor for the balance shown on settlement, other creditors, in the absence of fraud, have no standing to except to the allowance of the notes, including such interest, out of the assigned estate.

2. It is not now unlawful for a debtor to pay more than six per cent interest; and a creditor has no right to attack such a transaction, unless the agreement to pay a higher rate was part of a scheme to cheat and defraud the other creditors of the debtor: Per Mr. Chief Justice PAXSON. [See act of May 28, 1858, P. L. 622.]

(a) A debtor, prior to an assignment for creditors, assigned to a creditor, jointly interested with the debtor in a trade in tomatoes, " all dividends to be paid " thereafter out of another assigned estate, " to be held in lieu of any loss that may be sustained in the said sale of tomatoes bought for the joint-account trade : "

3. The parol testimony, submitted in explanation of the ambiguity in the assignment, was sufficient to authorize the court below to reverse the finding of an auditor that the assignment was made as a discharge of the creditor's claim, and to award to the balance unpaid thereby a dividend out of the debtor's estate.

4. The rule that parol testimony is inadmissible to contradict or vary the terms of a written instrument, is applied only to suits between the parties to the instrument. It cannot affect third persons, who, otherwise, might be prejudiced by writings from which a part of the truth was omitted: Per ARNOLD, J.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 258 January Term 1890, 317 January Term 1891 Sup. Ct.; court below, No. 518 June Term 1886, C. P. No. 4.

On August 3, 1887, the account of Daniel G. Evans, assignee for creditors, under an assignment made June 10, 1886, by Charles N. Selser, John A. Selser and George N. Turner, trading as Selser & Brother, was referred to *Mr. Charles E. Lex*, as auditor to report distribution.

Statement of Facts.

On September 7, 1889, the auditor filed a report showing that objections were made by creditors to the allowance of a claim against the assigned estate, presented by Isaac Jeanes & Co., for $166,756.64. The claimants and Selser & Brother had continuous transactions together covering a series of years. Once a year Isaac Jeanes & Co. balanced their books against Selser & Brother, added interest charged, and brought down a new principal against the latter. In July, 1885, a settlement was made between the two firms, when Selser & Brother gave to Isaac Jeanes & Co. certain promissory notes aggregating $87,200, which included the charges of interest, in the accounts, some of which charges were alleged to be usurious. These notes bore interest from date, and formed part of the claim presented and objected to.

Objection was made, also, to a claim presented by Coon Brothers & Co. for $6,617.39. This claim was for one half of an alleged loss on a joint-account trade in tomatoes, between Coon Brothers & Co. and Selser & Brother. It was made to appear that on May 1, 1886, Coon Brothers & Co., being fearful there might be a loss in the tomato trade, and that Selser & Brother might fail before the loss was ascertained, obtained from Selser & Brother the assignment of a claim held by the latter firm against the assigned estate of J. H. Larzallere & Co., of which the following is a copy:

"PHILADELPHIA, May 1, 1886.

"It is hereby agreed that as Messrs. Coon Brothers & Co. have advanced all the money required to conduct a joint-account trade in sundry lots of canned tomatoes, that said Coon Brothers & Co. shall retain all dividends to be paid by the assignee of J. H. Larzallere & Co.; said money to be held in lieu of any loss that may be sustained in the said sale of tomatoes bought for the joint-account trade.          SELSER & BRO."

The auditor, citing Thompson's App., 57 Pa. 175; Lewis v. Rogers, 16 Pa. 18; Dougherty's Est., 9 W. & S. 189; Stokely v. Thompson, 34 Pa. 210; McClelland v. West, 70 Pa. 183, allowed the claim of Isaac Jeanes & Co., as proved, without any deduction for any alleged usurious or compounded interest. As to the claim of Coon Brothers & Co., it was contended on behalf of the claimants that the words "in lieu of," in the foregoing assignment, did not mean, instead of, but should read, on

Opinions of Court below.

account of; and that the assignment was merely collateral. The auditor, citing and considering Phillips v. Meily, 106 Pa. 536; Martin v. Berens, 67 Pa. 459; Gould v. Lee, 55 Pa. 99; Caley v. Hoopes, 86 Pa. 493; Thorne v. Warfflein, 100 Pa. 519; Jackson v. Payne, 114 Pa. 67; Centenary Church v. Clime, 116 Pa. 146; English's App., 119 Pa. 534; and Spencer v. Colt, 89 Pa. 314, refused testimony offered to explain the use of the words "in lieu of" made by the parties, and ruled that the assignment of the J. H. Larzallere & Co. dividend to Coon Brothers & Co. was "in full payment of the loss, whatever it might be, on the joint-account trade." He, therefore, disallowed the claim.

Exceptions filed to the report of the auditor allowing the claim of Isaac Jeanes & Co. and disallowing that of Coon Brothers & Co., having been argued before the court in banc, the court, ARNOLD, J., on October 10, 1889, filed an opinion which, after quoting the assignment made by Selser & Brother to Coon Brothers & Co., on May 1, 1886, proceeded:

Mr. Ephraim Coon, of the firm of Coon Brothers & Co., was the assignee of J. H. Larzallere & Co., at the time the above assignment was made; the amount due to Coon Brothers & Co. by Selser & Brother was uncertain and was not then capable of being ascertained, while the dividend to be awarded to Selser & Brother out of J. H. Larzallere & Co.'s estate was likewise uncertain. Subsequently, it was found that Selser & Brother owed Coon Brothers & Co. $6,617.34, and the dividend awarded to Selser & Brother out of the Larzallere estate was $1,002.25, which was retained by Ephraim Coon, the assignee, for his own firm.

It was contended by the other creditors of Selser & Brother that the foregoing assignment was a full accord and satisfaction of the debt due by Selser & Brother to Coon Brothers & Co., while the last-named firm alleged that it was merely an assignment on account; and they offered testimony to show that it did not fully express the real agreement and understanding of the parties, the intention being merely to cover and be on account of the loss, the paper to be so held until the loss was finally ascertained. The learned auditor excluded the testimony, and ruled that the paper was so plain and unambiguous

.as not to require testimony to explain its meaning. He further decided that the assignment was a full settlement of the claim of Messrs. Coon Brothers & Co., and refused to award them a dividend.

It will be noticed that the offer was not to vary or contradict the paper, nor yet to explain the meaning of any of the words in it. If it had been an offer to do the latter act, the auditor was undoubtedly right; for it is not usual to call witnesses to explain the meaning of words in common use. Any one can do that with the aid of a dictionary. The offer was to show that the paper did not contain the whole agreement of the parties, and the decision of the learned auditor shows how necessary it was to do that; for, he has, in effect, added words to the agreement other than those found in it. He ruled that the meaning of the words, in lieu of, is plain, and in that we agree with him. But how, in lieu of the claim, was the assignment intended? Was it to be in full satisfaction of the debt when it should be ascertained, or on account of it? Herein the paper is deficient.

The claimants allege that the assignment was to be in lieu and on account of their claim, while, on the other hand, it was alleged that the dividend was to be in full satisfaction and payment of their claim. Here is ambiguity enough to require parol testimony to show what the real agreement was: Centenary Church v. Clime, 116 Pa. 146; Real-Estate Title Co.'s App., 125 Pa. 549. The learned auditor has decided that the assignment was made in lieu and full payment of Messrs. Coon Brothers & Co.'s claim. To do that, he has imported words into the paper, without hearing evidence to show what those words should be, according to the agreement of the parties. In so doing we think he erred. He should have received the testimony.

The wisdom of this rule would be more apparent if the amount due to Coon Brothers & Co. by Selser & Brother, had turned out to be $1,002.25, and the dividend received from the Larzallere estate was $6,617.34. In that event, to hold to the letter of the assignment and decide upon that alone, without hearing evidence to show what the agreement really was, would permit a fraudulent use to be made of the assignment, and that has always been deprecated by the courts: Phillips v. Meily,

Opinions of Court below.

106 Pa. 536. The controversy is between creditors, rather than the parties to the agreement, and as to them the courts should be astute to lay bare the whole truth, lest creditors should be defrauded, or even innocently deprived of their rights. The rule that parol testimony is inadmissible to contradict or vary the terms of a written instrument, never did apply to third persons, who, if it were otherwise, might be prejudiced by writings from which part of the truth is omitted, through the ignorance, carelessness or fraud of the parties; and who ought not to be precluded from proving the truth, however contradictory to the written statements of others: Greenl. Ev., § 279; Krider v. Lafferty, 1 Wh. 303. . . . .

—A decree was thereupon entered dismissing the exceptions filed as to the claim of Isaac Jeanes & Co., sustaining those filed as to the claim of Coon Brothers & Co., and referring the report back to the auditor, to hear testimony as to said last-mentioned claim and to report distribution accordingly.

On February 25, 1890, the auditor filed a supplemental report, exhibiting and reporting the testimony taken, and concluding that in the opinion of the auditor the testimony adduced was not of that clear, precise, and indubitable character required where it is sought to alter, vary, explain or reform a written instrument; that, in addition, the claimants took the paper and presumably read it, or had it read to them, and making no objection thereto at the time, could not now be heard to say that they were ignorant of its contents: Greenfield's Est., 14 Pa. 489; Penna. R. Co. v. Shay, 82 Pa. 198. The auditor, therefore, again decided that the claimants took the assignment in full payment of their claim and reported accordingly.

Exceptions filed by Coon Brothers & Co. to the supplemental report of the auditor having been argued, ARNOLD, J., on March 29, 1890, filed an opinion in part as follows:

Three witnesses were examined before the auditor,—Mr. Coon, the claimant, Mr. Selser, the debtor, and Mr. Turner, the person who wrote the paper.

It appears that Messrs. Selser & Brother and Coon Brothers & Co. had been engaged in a joint-account trade in tomatoes. On May 1, 1886, the assignment heretofore mentioned was made. Mr. Coon, one of the claimants, thus describes why it

was made, and what it was intended for: "I was at Selser & Brother's store and Mr. Charles N. Selser said he thought it looked as though the tomato transaction would pay a loss at that time, and he offered to transfer or assign their interest in their account against J. H. Larzallere & Co. to Coon Brothers & Co. to apply on account of any loss. . . . . I couldn't give the exact words. The substance of it was, Mr. Selser said he wanted to turn us over this account, to help out in case of a loss as far as it would go. . . . . It was to be held as collateral. I cannot remember the exact words, but it was to be held and applied in case of loss on account of the loss. . . . . He (Selser) proposed to assign this account to apply on account of loss, if there was one."

The evidence of the debtor is equally positive. Mr. Selser, being asked if the paper embodied the substance of the conversation between himself and Mr. Coon, which immediately preceded the writing and signing of the paper, said: "Yes sir, it was, as I understand it; that is, that he was to have whatever came out of the Larzallere estate, to apply on account of the loss that might occur in the tomato bill."

Mr. Turner, a member of the firm of Selser & Brother, wrote the paper at the request of Mr. Selser. He did not take part in the conversation in which the agreement was made. That agreement was made by Mr. Coon and Mr. Selser, both of whom testified positively that the assignment was made on account of any loss that might be sustained, as before quoted. Mr. Turner testified: "My recollection is that Mr. Selser told me to write a paper that would secure Mr. Coon the Larzallere account," and he wrote it. He recollected nothing further about the matter.

There was a long and drastic cross-examination about the use of the words "to apply" and "to hold" and "collateral;" but the plain and positive answers of both the witnesses, one testifying in his own interest and the other against his interest, were that the assignment of the Larzallere dividend was made by Selser & Brother to Coon Brothers & Co. to be held on account of any loss. Not a witness said it was to be in full satisfaction of any loss that might be sustained, or that it "closed up" the tomato transaction. . . . .

The rule that the finding of an auditor on a question of fact

is entitled to the same weight as the verdict of a jury, and will not be reversed except for plain error, must be confined to cases in which the auditor, like a jury, bases his findings of fact upon evidence. He can no more disregard evidence than a jury can. If he does, his findings will be set aside, just as the verdict of a jury disregarding the evidence, will be set aside.

Here the evidence was all one way. Both the parties to the agreement,—the one who gave as well as the one who received the benefit of it,—testified that the assignment was made on account. Not a witness testified that it was in full. The finding of the auditor that the assignment was in full, is not only without evidence to support it, but it is contrary to the evidence that the assignment was made on account. It is of the greatest importance to the suitors in this case, that the facts should be correctly found. Those facts are that an uncertain amount was assigned, to be held on account of a loss which was then likely to be sustained and which did happen. If a loss had not been sustained, or if the loss had turned out to be $1,002.25, and the pledge $6,617.34, the assignment having been made by a failing debtor, we presume there would not have been so much difficulty for the assignee for the benefit of creditors to show the facts, and in recovering the excess. Why there should be so much difficulty in the present case, is hard to understand. . . . .

—A decree was thereupon entered sustaining the exceptions filed and referring the report back to the auditor, with instructions to award to Coon Brothers & Co. a dividend on the amount of their claim as proved. The auditor having filed a report accordingly, exceptions thereto by the National State Bank of Camden, a creditor, were dismissed, the distribution finally reported by the auditor confirmed, and a decree entered, etc. Thereupon the said exceptant took this appeal, specifying, inter alia, that the court erred:

1, 3. In dismissing the exceptions filed to the auditor's report alleging that the auditor erred in awarding a dividend upon the entire claim of Isaac Jeanes & Co., and in not deducting the amount of usurious interest included in said claim.

7. In directing the auditor to award a dividend to Coon Brothers & Co. upon their claim.

*Mr. John Sparhawk, Jr.,* for the appellant.

Opinion of the Court.

As to the alleged usury and compounding of interest, counsel cited: Greene v. Tyler, 39 Pa. 361; Bachdell's App., 56 Pa. 386; Price's App., 84 Pa. 141; Pratt v. Adams, 7 Paige 639; Chapin v. Thompson, 89 N. Y. 278; In re Thompson, 30 Hun 193; Green v. Morse, 4 Barb. 342; Beach v. Fulton Bank, 3 Wend. 573; Sparks v. Garrigues, 1 Binn. 165; Stokely v. Thompson, 34 Pa. 212; Wilson's Est. (O. C.), 18 W. N. 483; Marr v. Marr, 110 Pa. 64; Wilson v. Wilson (C. P.), 16 W. N. 439; Dietterich v. Heft, 5 Pa. 87; Gyger's App., 62 Pa. 73; Beacham v. Eckford, 2 Sandf. Ch. 116; Fitzsimons v. Baum, 44 Pa. 41; Roberts's App., 92 Pa. 421; Campbell v. Sloan, 62 Pa. 484; Miller v. Irwin, 85 Pa. 376. As to the construction of the assignment to Coon Brothers & Co., of May 1, 1886, counsel cited the cases considered by the auditor.

*Mr. Richard C. McMurtrie* and *Mr. Wm. G. Foulke*, for Isaac Jeanes & Co., appellees, were not heard. *Mr. F. A. Sobernheimer*, was heard for Coon Brothers & Co., appellees.

PER CURIAM:

The appellant assigns error to the allowance of the claims of Isaac Jeanes & Co. and Coon Brothers & Co. Neither requires an extended discussion. That of Isaac Jeanes & Co. is objected to principally upon the ground that it is usurious. The alleged usury consists mainly in adding interest to principal in the accounts as furnished from time to time, the effect of which, the appellant contended, was to allow interest upon interest; and it was alleged that some of the loans were at a higher rate of interest than six per cent. On the other hand, it was conceded that some were at a less rate than six per cent. It does not appear very clearly what the average rate would be; nor is it material, as yearly settlements were made between Isaac Jeanes & Co. and Selser & Brother, and no objection made by the latter. The appellant is an unsecured creditor of Selser & Brother, and has no standing to object to these settlements. It is not now unlawful for a debtor to pay more than six per cent; and a creditor has no right to attack such a transaction, unless the agreement to pay a higher rate was part of a scheme to cheat and defraud creditors. There was nothing in the case from which such an inference could be fairly drawn.

Syllabus.

Nor do we see any reason why Coon Brothers & Co. should not have been awarded a dividend out of the assigned estate. It is true, the auditor found that the agreement of May 1, 1886, by which Selser & Brother authorized Coon Brothers & Co. to retain all dividends to be paid by the assignees of J. H. Larzallere & Co., was in full satisfaction of the claim of the former for the loss on the tomatoes bought on the joint account. The learned judge below, however, reversed this finding of the auditor, and, for reasons which we think sufficient, held that the assignment of the Larzellere dividend was made by Selser & Brother to Coon Brothers & Co. merely on account of any such loss, not in satisfaction thereof. The evidence fully justified this finding.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.