### 8290

### MARTIN v. THE HOME BANK.

1. APPEAL—"CASE."—The attention of the bar is called to rule V of
this Court, providing what should be printed in the "Case" for
appeal, and unless the rule is complied with the Court will take steps
to enforce compliance.

2. NOTES—WRITTEN INSTRUMENTS.—PAROL EVIDENCE to the effect that,
if a bank would discount a customer's note he would pay the pro-
ceeds of a damage claim then pending on the note when collected,
does not violate the rule that parol evidence is not admissible to vary
or contradict a written instrument.

Before GAGE, J., Lexington, November term, 1910.
Affirmed.

Action by T. L. Martin against The Home Bank.    The
plaintiff appeals.

*Messrs. A. D. Martin* and *DePass & DePass,* for appel-
lant, cite: *A written instrument should not be modified by
parol evidence:* 17 Cyc. 570; 125 Fed. 110; 2 Strob. 122;
21 Ala. 122; 119 Ala. 424; 10 N. W. 355; 76 N. Y. Supp.
213; 24 Wend. 419; 8 Johns 375; 35 Pa. St. 448; 2 Lock.
Leg. Rec. 383; 20 How. 442; 104 U. S. 30; 2 M. Con. R.
32; 18 S. C. 289; 13 S. C. 338; 61 S. C. 166; 65 S. C. 138;
72 S. C. 364; 79 S. C. 499; 80 S. C. 43; Green. on Ev., sec.
277; 46 S. C. 412; 52 S. C. 154; 77 S. C. 78; 83 S. C.
204; 85 S. C. 419. *A parol prior or contemporaneous*

*agreement is included in the written agreement:* 125 Fed. 110; 19 Ark. 690; 41 Cal. 322.

*Messrs. Graham & Sturkie,* contra.

August 10, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Before considering the merits of this appeal, we desire to call attention of counsel to the fact that, notwithstanding only one point is presented for decision, and that a question of law, which, as will be seen, could have been stated in less than two pages, the "Case" contains 175 pages of printed matter. The pleadings, the stenographer's notes of evidence, the exhibits and the Judge's charge are set out in full. This is not only a violation of rule V of this Court, but is a useless waste of appellant's money in printing unnecessary matter. But what we are more concerned about is the unnecessary tax upon the time and patience of the Court, when there is so much useful work to do. If the bar will not heed the admonitions of the Court and comply with the rules, in the preparation of their "Cases" for appeal, the Court will be compelled, in self-defense, to take some steps to enforce compliance with the rules.

For several years prior to 1906, plaintiff kept an account with defendant. He had frequently overdrawn his account. On May 14, 1906, he gave defendant a note, secured by chattel mortgage, to secure an overdraft of $1,300. The note was due on August 14th. At the time it was given, plaintiff had a claim against the S. A. L. Railway for something over $500, which he was expecting to collect daily, and he agreed that if the bank would take his note for the overdraft, he would apply the amount due him by the railway company to the note, as soon as it was collected. On June 26th, plaintiff received a check for the claim, which he endorsed and sent to the bank to be

deposited to his account, along with several other items on the same deposit slip. The bank applied the railway check as a credit on his note, notwithstanding it was not then due. Plaintiff gave several checks on the bank, payment of which was refused by the bank for lack of funds. If the $500 check had been deposited to his credit, there would have been enough to his credit to require payment of his checks. He brought this action against the bank to recover damages to his credit as a merchant for refusing payment of his checks. The sole question is, whether the Court erred in admitting evidence of plaintiff's agreement to apply the railroad claim to his note, as soon as it was collected, notwithstanding the note was not due.

It is contended that the evidence is obnoxious to the rule which forbids the admission of parol evidence which tends to vary or contradict the terms of a written instrument. We do not think so. There was no attempt to prove that the note was to become due at any other time than that expressed on its face. The evidence was of an independent and collateral agreement which in no way affected the terms of the note so far as the time of payment therein specified was concerned. "The rule in this State is, where the writing does not contain all the terms of the transaction between the parties, parol evidence which dos not contradict or vary the writing may be admissible to show a contemporaneous independent and collateral agreement." *Paint Co.* v. *Bennett,* 85 S. C. 493, 67 S. C. 738, and cases cited.

Affirmed.