**Ida Knudson, Guardian, Appellant, v. Wacker & Birk Brewing and Malting Company, Appellee.**

**Gen. No. 18,017. (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed October 13, 1913.

## Statement of the Case.

Action by Ida Knudson as guardian of Charles Burnett Knudson, minor, against Wacker & Birk Brewing and Malting Company for personal injuries sustained by such minor. From a judgment of *nil capiat* and for costs against the plaintiff, such plaintiff appeals.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

LAVERN W. THOMPSON, for appellant.

MILLER, GORHAM & WALES and W. G.. SHOCKEY, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 270*—*what are requisites of special interrogatories.* A special finding of a jury must be unanimous.

2. APPEAL AND ERROR, § 1521*—*when error in submitting special interrogatory is harmless.* The submission of a special interrogatory is not ground for reversal where the plaintiff is not injured and no miscarriage of justice results.

3. APPEAL AND ERROR, § 572*—*when exceptions are necessary.* Technical error in instructions is not available to a plaintiff who appeals, where exceptions to the giving of such instructions are not preserved in the record, and this rule is not abrogated by section 81 of the Practice Act of 1907; J. & A. ¶ 8618.

4. ROADS AND BRIDGES, § 239*—*what is evidence of contributory negligence.* Where a boy, about ten years of age, jumped upon a street car while it was in motion, and was knocked from the running board by a team standing in the street, receiving injuries, it was proper to introduce in evidence an ordinance prohibiting the act of jumping on cars while in motion.

5. ROADS AND BRIDGES, § 241*—*when instruction as to contributory negligence is misleading.* Where a boy was injured by being knocked from the running board of a street car by a wagon or team standing in the street, an instruction stating that the question, whether such boy had paid his fare or intended to pay his fare was immaterial, was misleading, it appearing that the boy was engaged in "flipping" cars, i. e., jumping on or off street cars while in motion, an act which was forbidden by the city ordinances.

6. EVIDENCE, § 457*—*when evidence given at a former trial is proper.* Admission of questions and answers made by plaintiff's witnesses at a former trial or mistrial, *held* harmless, since such evidence was proper if variant; and if its existence was not admitted by the witnesses, and if the evidence was identical, or its giving was admitted, the error in admitting it could not have prejudiced the jury.

7. TORTS, § 17*—*what evidence may be shown as to release of a tort feasor.* Where a boy was injured by being knocked from the

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

running board of a street car by a team standing in a street, the admission of court proceedings leading up to an agreement not to sue the traction company for the injury, on payment of a certain sum of money, was proper because of the effect of such a release of one tort feasor on the rights of a codefendant.

8. EVIDENCE, § 339*—*when a written instrument may be varied by parol evidence.* The rule that the written evidence of a contract may not be varied or contradicted by parol is applied only between the parties to the instrument.

9. APPEAL AND ERROR, § 1622*—*when error in admission of evidence may be cured.* Where a boy was injured by being knocked from a street car by a team standing in the street, the admission in evidence, in an action against the owner of the team, of court records showing an agreement by the boy's guardian not to sue the street car company on the payment of a certain sum of money, it being argued that such release was not binding on the minor, was not prejudicial error, since an instruction was given which stated that if the injury was partly due to the negligence of the street car company the jury should apply the amount received by the plaintiff in reduction of the amount, if any, which the plaintiff would otherwise have been entitled to recover.