July 2, 1931. The opinion of the Court was delivered by
In February, 1927, W.C. Moore, husband of the respondent herein, borrowed of the Merchants' Planters' Bank of Hartsville, S.C. (which we shall call the bank), the sum of $750.00, for which he gave his promissory note, for the payment of which he pledged twenty shares of the capital stock of the Shuford Mills Company. The stock stood in the name of his wife, the petitioner, respondent in this proceeding. The certificate of stock was indorsed in blank by Mrs. Moore. The note given to the bank by W.C. Moore was in the form of a collateral note, which, in the printed part of it, contained a provision that the collateral was pledged to secure the payment of the note "or any other obligation to the said bank, due or to become due." The note was renewed from time to time and was, on August 1, 1928, renewed for $1,000.00, and made due and payable October 1, 1928. This renewed note was "of the same form, tenor and effect," as the original note. The note was not paid at maturity. In the fall or winter of 1928, just when does not appear in the record, the bank closed its doors, and D. Carl Cook, Esq., was appointed receiver. The note being unpaid, the receiver sold the collateral for the sum of $3,000.00. From this sum he paid the $1,000.00 note and attempted to *Page 109 
apply the balance to other notes due the bank by W.C. Moore, as maker and indorser.
Thereupon Mrs. Moore intervened in the cause of AlbertS. Fant, State Bank Examiner, Plff., v. The Merchants' andPlanters' Bank et al., in which case D. Carl Cook was appointed receiver of the bank.
By her petition of intervention, Mrs. Moore alleges that she lent the stock to her husband, W.C. Moore, who was authorized to pledge it to the bank for $1,000.00, and no more; that the bank had no right to sell it, and she claims the excess of the amount for which it sold over and above the $1,000.00 note and accrued interest. For answer, the receiver set up the note for $1,000.00, made by W.C. Moore, and the pledge of the stock for the payment thereof and of all other debts due or to become due to the bank by W.C. Moore; that Moore was largely indebted to the bank in unsecured amounts, and that one of the inducements for making the loan to him was to obtain security for the unsecured debts.
It was referred to the Probate Judge of Darlington County to take the testimony and report to the Court, which he did. The matter was heard by Judge Dennis, who filed his decree of date July 30, 1930, by which he directed the receiver to pay to the attorney of the petitioner "the difference between Three Thousand ($3,000.00) Dollars, and the amount of the note with which the aforesaid stock was pledged, the amount of indebtedness in said note to be taken at One Thousand ($1,000.00) Dollars, with interest at eight per cent. per annum from October 1, 1928, to the date upon which the receiver effected the sale of the stock."
From this decree, the receiver appeals by various exceptions, which present these questions, as they are stated by appellant's counsel in their brief:
(1) Is there any competent evidence to support the finding of the Circuit Judge that the petitioner's stock was pledged to the bank for $1,000.00 only, contrary to the express terms of the note? *Page 110 
(2) Is the finding of the Circuit Judge supported by the preponderance of the evidence?
(3) Is the petitioner estopped to deny her husband's authority to pledge the stock in question for all the debts which he owed the bank, for the reason that she put it in his power to pledge the stock, and thereby to procure the loan evidenced by his note?
We have carefully read and analyzed the evidence in this case. If it be unobjectionable, then there is ample to sustain the findings of the Circuit Judge. This support is found in the testimony of Mrs. Moore, the petitioner, W.C. Moore and Mr. Renfrew, the cashier of the bank, who handled the transaction of the loan to W.C. Moore. It would serve no good purpose to reproduce that evidence here. It is set out in full in the transcript of record. It is sufficient to say that it is given additional weight by the consideration that Mrs. Moore, the owner of the stock — which she especially valued, because she was holding it as a fund for the education of her children — might be willing to aid her husband by the loan of the stock in an emergency which demanded immediate cash, but she would hardly be willing to allow him to pledge it for old debts to the bank, upon most of which he was surety, and not the original debtor.
But counsel for appellant challenge the competency of the evidence, contending that it is inadmissible because it tends to vary the terms of the note.
No rule of law is more fixed, more certain, than that which is usually denominated the "Parol testimony rule," and which is to the effect that parol testimony is inadmissible to alter or vary the terms of a written instrument. Very many cases in our own reports uphold this rule. Nevertheless, difficulties will, and do, arise in its application. It is conceded that conditions do arise creating what appear to be exceptions to the rule. There is usually, as a matter of fact, no exception; upon analysis it is found that the rule does not apply. *Page 111 
Respondent's counsel clearly and concisely state this proposition: "It is a well established rule that parol testimony is not rendered inadmissible because it contradicts or varies the terms of a written instrument to which the litigant offering the testimony is not a party."
This is supported by the following citations taken from the note to the case of Durkin v. Cobleigh (Mass.), 17 L.R.A., 270: "The rule excluding parol proof to contradict a written contract does not affect third parties."
Bruce v. Jno. L. Roper Lumber Co., 15 Va. L.J., 239 (87 Va., 381, 13 S.E., 153, 24 Am. St. Rep., 657): "It does not apply to controversies between persons not parties or privy to the writing or between parties to it and third persons."
Robinson v. Moseley, 93 Ala., 70, 9 So., 372: "It applies only to suits between the parties to the instrument, and cannot affect others who might be prejudiced by writings from which a part of the truth may have been omitted." Selser'sEstate, 141 Pa., 529, 21 A., 777.
Section 213, 10 R.C.L., 1020, has this: "The rule that parol testimony may not be given to contradict a written contract is applied only in suits between parties to the instrument, or their privies, the parties to the instrument have made it the authentic memorial to their agreement, and for them it speaks the whole truth upon the subject matter. It does not apply to third persons, who are not precluded from proving the truth, however contradictory to the written statements of others" — citing McMaster v. President, etc., ofIns. Co., 55 N.Y., 222, 14 Am. Rep., 239.
"The rule that the written evidence of a contract may not be varied or contradicted by parol is applied only between parties to the instrument." Knudson v. Wacker, etc., Co., 182 Ill. App:, 296, cited in note to L.R.A., 1916-A, 592.
"It is a well-settled doctrine, frequently applied to such contracts as the one in question, that the rule that the terms of a written contract cannot be altered or contradicted by *Page 112 
parol evidence cannot be invoked either by or against a stranger to the contract; that it has — `No application in controversies between a party to the instrument on the one hand and a stranger to it on the other, for the stranger, not having assented to the contract, is not bound by it and is therefore at liberty, when his rights are concerned, to show that the written instrument does not express the full or true character of the transaction.'" Nissen v. Sabin, 202 Iowa, 1362,212 N.W., 125, 126, 50 A.L.R., 1216.
In Knighton v. Desportes Merc. Co., 119 S.C. 340,112 S.E., 343, the main and concurring opinions cite numerous cases in the reports of this State which show that parol evidence may, in certain circumstances, be given to vary or contradict the terms of a written instrument.
"Parol evidence to the effect that, if a bank would discount a customer's note he would pay the proceeds of a damage claim then pending on the note when collected, does not violate the rule that parol evidence is not admissible to vary or contradict a written instrument." Martin v. HomeBank, 92 S.C. 226, 75 S.E., 404.
We think that the evidence, which tended to show that the authority given by Mrs. Moore to W.C. Moore to pledge the stock to the bank was limited to a pledge for the money then being borrowed, was admissible. She was a stranger to the contract which culminated in the note.
The cases cited by appellant's attorneys relate to transactions between the parties to the contract, or are influenced by some element of fraud or deceit.
The other questions made by the appeal may be disposed of by quoting with approval the following excerpt from the Circuit decree:
"It seems to me that when the cashier of the bank made the loan in question with full knowledge that the security belonged to another person, the bank was by that fact alone charged with knowledge of the limitations of the authority *Page 113 
of Mr. Moore to pledge the stock, and that it was not within the power of Mr. Cook to place the bank in the position of abona fide holder for value in respect to any other obligations than the one upon which the new money was obtained."
"The numerous recent cases in South Carolina, such asDavis v. Bland, 138 S.C. 354, 136 S.E., 300, dealing with the respective rights of two, or more, classes of innocent parties involved in the fraudulent or unlawful pledge of securities do not seem to me to bear upon the present problem. The differentiating circumstance between such cases and the present case is the fact that there is no attempt here to deprive the bank of the money which it loaned upon the security of the stock, and the distinction is enlarged by the further fact that in this case there is no element of fraud or deceit connected with the pledge of the stock."
We are of the opinion that the Circuit Judge has reached a just conclusion. Accordingly, the exceptions are overruled, and the order appealed from is affirmed.
MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.