0064

Leota Wood SUTTLES, Ailean Wood Skinner and Pat S. Tate, as Executrices of the Estate of Z. V. Wood, Appellants, v. Susie Cash WOOD, Respondent.

(312 S. E. (2d) 574)

Court of Appeals

*James R. Thompson*, of *Saint-Amand, Thompson & Brown*, Gaffney, *for appellants.*

*Wade S. Weatherford, III*, Gaffney, *for respondent.*

Feb. 10, 1984.

SHAW, Judge:

This action was commenced by the appellants-executrices of the Estate of Z. V. Wood for the purpose of foreclosing on two notes secured by mortgages for nonpayment of the debt in accordance with the terms of the notes. The Special Referee found that the notes were past due and unpaid. A credit of $5,000 was issued in favor of the respondent-Susie Wood, and the Referee recommended that the executrices be given a judgment for the balances of $7,818.83 and $3,943.83. The trial judge reversed the Referee and ordered judgment in favor of Mrs. Wood. We reverse the order of the trial judge.

On November 19, 1959, Susie Wood executed a note secured by a mortgage in the amount of $7,000 with an interest rate of 4% in favor of her father-in-law, Z. V. Wood. A second note and mortgage in the amount of $1,300 bearing interest at 5% was executed on February 5, 1960, by Susie Wood in favor of Z. V. Wood. Both mortgages encumber the same property, and both notes are identical except for the interest rate. The principal was payable on demand but the interest was payable annually. Any unpaid interest was to be added to the principal

and bear interest. In the event the notes were turned over to an attorney for collection, attorney's fees of 10% of the amount to be collected were provided for.

Z. V. Wood died in March of 1977, and the notes were found among his personal effects. No demand for payment of the principal or interest was ever made during Z. V.'s lifetime. The executrices demanded payment in October of 1977 and subsequently commenced this action to foreclose on the mortgages for nonpayment of the debt.

Initially, we note two items. First, in an action in equity where the Special Referee is in disagreement with the judge on factual findings, an appellate court may make findings in accordance with its own views of the preponderance of the evidence. *Townes Associates,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). Second, this action is not barred by the applicable statute of limitations. Section 15-3-520(1) of the 1976 S. C. Code of Laws provides that an action upon a contract secured by a mortgage of real property may be brought within twenty years. This action was commenced within the twenty year period. Even if this were not the case, Mrs. Wood would be prevented from raising the statute as a defense because she did not plead it in her answer as required by Section 15-13-360. *Fulmore v. Fulmore,* 115 S. C. 213, 105 S. E. 285 (1920); *Karres v. Pappas,* 194 S. C. 512, 10 S. E. (2d) 15 (1940).

The executrices first argue that the rule against parol evidence effectively prevents the testimony of Z. V. Wood's attorney, who prepared the notes, and of Mrs. Wood's two children concerning Z. V.'s intentions towards the notes. We agree. When there is no ambiguity in the language, a contract will be deemed to express the entire and exact meaning of the parties. Every material part of the agreement will be presumed to have been expressed therein. Parol evidence cannot be given for the purpose of changing the contract or showing an intention or understanding different from that which is expressed in the written agreement. *Charleston & W. C. Ry. Co. v. Joyce,* 231 S. C. 493, 99 S. E. (2d) 187 (1957); *Mucklevaney v. Liberty Life,* 261 S. C. 63, 198 S. E. (2d) 278 (1973); *McLeod v. Sandy Island Corp.,* 265 S. C. 1, 216 S. E. (2d) 746 (1975).

Mrs. Wood argues that the parol evidence rule only applies to parties to the original writing and not to third parties. This is true when there is a controversy between third parties over the instrument in question or a controversy between a third party and one of the parties to the instrument in question. *City of Orangeburg v. Buford,* 227 S. C. 280, 87 S. E. (2d) 822 (1955); *Ex Parte Moore,* 161 S. C. 107, 159 S. E. 503 (1931). Here, the attorney and Mrs. Wood's children are not parties to the notes and mortgage in question. Neither are they litigants in the present controversy; their rights are not concerned and they will not be prejudiced by the outcome of this case. Since their testimony relates to a controversy between the parties to the notes, it is inadmissible. Thus, the admission of their testimony was error.

The executrices next claim that Section 19-11-20, commonly known as the Dead Man's Statute, prevents the testimony of Mrs. Wood regarding Z. V. Wood's intentions toward the notes. In order to exclude testimony under this statute, the witness must belong to one of four classes of persons and the testimony must possess three qualifying characteristics. The four classes of persons are: (1) a party to the action, (2) a person having an interest which may be affected by the trial, (3) a person who previously had an interest which may be affected by the trial, or (4) an assignor of the thing in controversy. The testimony must possess all three of the following characteristics: (1) it must relate to a transaction between the witness and the person deceased, (2) it must be offered against a party prosecuting or defending the action as executrix, and (3) it must affect the present or previous interest of the witness. *Long v. Conroy,* 246 S. C. 225, 143 S. E. (2d) 459 (1965).

Based on these two standards, Mrs. Wood's testimony is inadmissible since she is a party to the action which concerns a transaction between her and the decedent, Z. V. Wood. Mrs. Wood's testimony, offered against the executrices, would definitely affect her interest in the mortgaged property. Therefore, Mrs. Wood's testimony concerning Z. V. Wood's intentions towards the notes was barred under the Dead Man's Statute.

Had Z. V. Wood intended to forgive the debts or never to collect them, he could have cancelled the notes or forgiven

them in his will. He did neither. The notes, on their face, are clear and unambiguous. They have not been paid, have not been forgiven or cancelled, and are not barred by the statute of limitations. Accordingly, the lower court decision is reversed and the decision of the Special Referee is adopted as the decision of this court.

Reversed.

CURETON and GOOLSBY, JJ., concur.