## 11343

### BOLCH v. SMITH

#### (119 S. E., 909)

1. APPEAL AND ERROR—VERDICT DEPENDENT UPON ISSUES OF FACT NOT DISTURBED.—The Supreme Court is powerless to interfere with a verdict of a jury dependent upon issues of fact.

2. NEW TRIAL—ON MOTION FOR, PARTY ENTITLED TO EXAMINATION OF APPARENTLY CONFUSED ACCOUNT.—Where an account was apparently confused, but a fair interpretation was not impossible, the trial Judge was in error in not giving defendant the benefit of a careful examination of the account upon his motion for a new trial, though defendant could not explain the account.

3. INTEREST—NOT ALLOWED ON UNLIQUIDATED INDEBTEDNESS.—Interest will not be allowed upon indebtedness not liquidated.

Before WHALEY, J., County Court, Richland, 1922. Reversed and remanded unless plaintiff shall within ten days remit all of the judgment in excess of $178.50 and in that event the judgment is affirmed.

Action by C. D. Bolch against Enoch Smith. Judgment for plaintiff and defendant appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Court should construe written instruments:* 32 S. C., 127. *New trial:* 95 S. C., 472; 2 S. C., 388; 78 S. C., 457; 64 S. C., 569; 66 S. C., 77. *Conflict between Rule of Court and Code, and Code prevails:* 43 S. C., 340; 42 S. C., 488; 73 S. C., 422; 108 S. C., 295. *After-discovered evidence:* 106 S. C., 439; 121 S. C., 303.

*Mr. W. D. Barnett,* for respondent, cites: *No review of evidence unless there was motion for nonsuit:* 83 S. C., 271; 104 S. C., 190. *After-discovered evidence:* 33 S. C., 403; 87 S. C., 152; 47 S. C., 263; 109 S. C., 294; 74 S. C., 368; 96 S. C., 380.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The complaint contains two alleged causes of action: (1) Damages in the sum of $80 on account of the breach by the defendant of a contract to sell the plaintiff 75 tons of cotton seed hulls at $10 per ton, his delivery of only 55 tons, and the loss by the plaintiff of $4 per ton upon the purchase by him of 20 tons in the market, at $14 per ton, to supply the deficiency; (2) a balance of $178.50 due by the defendant upon the sale by him of certain live stock shipped by the plaintiff to the defendant, to be sold upon commission.

The case was tried at a time not stated in the record, before Hon. M. S. Whaley, County Judge, and a jury, and resulted, as the "case" states, in a verdict in favor of the plaintiff for the full amount claimed; the precise amount does not appear.

The defendant has appealed upon exceptions which assign error on the part of the trial Judge in refusing his motion for a new trial upon the minutes, and his motion for a new trial upon after-discovered evidence.

It will be more convenient and satisfactory to consider the motion for a new trial upon the minutes, by combining the two causes of action. From the books of the defendant the following appears to be a correct statement of the account between the parties:

The admitted debit account of the defendant to the plaintiff consists of the following items:

| | | |
|---|---:|---:|
| Sale of hogs .....................$ | 2,375 17 | |
| Less deductions ................ | 255 72 | $2,119 45 |
| | | |
| Sale of hogs .....................$ | 1,982 50 | |
| Less deductions ................ | 214 14 | 1,768 36 |
| | | |
| 1 cow ................................. | | 40 50 |
| | | $ 3,928 31 |

The defendant claims credit as follows:

| | |
|---|---:|
| Check remitted ...........................$ | 730 00 |
| Check remitted ........................... | 1,208 86 |
| Check remitted .......................... | 59 10 |
| Hulls and meal ........................... | 309 45 |
| 30 tons meal, at $36 ...................... | 1,080 00 |
| Hulls ................................ ...... | 182 95 |
| Hulls ...................................... | 183 95 |
| Hulls ................................. | 174 00 |
| | $ 3,928 31 |

If the defendant's credit statement be accepted as true, the defendant has paid the plaintiff in full. But the plaintiff contends that Smith agreed to deliver to him 75 tons of hulls at $10 per ton, that he only delivered 55 tons, and

that the 20 tons short cost him $4 per ton more than the contract price, entailing a loss of $80. He also contends that the agreed price of the meal was $33 per ton and not $36 as charged, and that on 35 tons he has been overcharged $105. If this be true, it is clear that the defendant owes the plaintiff $185, and, there being no contest over the other items of the account, that is all that he does owe.

The liability of the defendant to the plaintiff upon these two items was dependent upon issues of fact which were submitted to the jury, and we must assume that their verdict was against the defendant as to them. With their conclusion we are powerless to interfere.

The defendant's attorney, in his argument, supported in a measure by the books of the defendant, claims a credit of $1,389.45, in addition to the checks of $730, $1,208.86, and $59.10. This is a manifest error. The $1,389.45 is shown to be the sum of two items—hulls and meal, $389.45; and meal, $1,080—which, deducted from the balance due on sale of hogs, $2,119.45, left $730, for which the defendant remitted a check. This is evident from the statement of the account taken from the defendant's books as follows:

| | | |
|---|---:|---:|
| Gross sales ............................... | | $ 2,375 17 |
| Deductions .............................. | | 255 72 |
| | | 2,119 45 |
| Mailed check 12/20/20 .................... | | 1,389 45 |
| | | $ 730 00 |
| Meal and hulls ................... | $ 309 45 | |
| Meal ......................... | 1,080 00 | |
| | $ 1,389 45 | |

Obviously the defendant made the entry "mailed check 12/20/20, $1,389.45" in error, intending to designate the $1,389.45 as the cost of meal and hulls stated below, and

to enter the words "mailed check, etc.," on the next line, opposite $730. He does not otherwise claim to have mailed a check for $1,389.45. If that should be allowed as a credit, the plaintiff would be indebted to the defendant in the sum of $1,389.45 less $185, $1,204.45, which is not claimed by the defendant.

We agree with the trial Judge that the defendant has not shown sufficient grounds for a new trial upon the ground of after-discovered evidence, particularly as the mislaid checks which form the basis of the motion were admitted by the plaintiff.

As to the matter of an account stated : The defendant in his answer alleged that the parties had had a settlement, and that the defendant had paid the $59.10 in full settlement. There was evidence tending to sustain this contention and also evidence against it. The matter appears to have been lost sight of, as there was no request to charge, motion for new trial, or exception relating to it.

The trial Judge was in error in not giving the defendant the benefit of a careful examination of the account, upon the motion for a new trial. However apparently confused, it appeared a fair interpretation was not impossible, althought the defendant could not explain it.

It appears from the testimony of Fry, the plaintiff's agent, that the amount claimed in the second cause of action $178.50, included the $80 claimed in the first cause. He says : "In other words, that Smith had charged $178.50 too much for the meal and hulls." So that he must be confined to the $178.50.

We know of no authority for allowing interest upon this indebtedness, as it never became a liquidated sum.

The judgment of this Court is that the judgment of the County Court be reversed, and the case remanded to that Court for a new trial, unless the plaintiff shall, within 10 days after the filing of the remittitur herein, remit upon the record all of the judgment in excess of $178.50, and that in that event the judgment be affirmed.