## 11619

### BADDER v. SALEEBY

#### (126 S. E., 438)

1. REFERENCE—MASTER'S REPORT APPROVED IN ABSENCE OF REASONS IMPERATIVELY REQUIRING THAT IT BE SET ASIDE.—In suit to cancel contract dissolving mercantile partnership, on ground of fraudulent representations as to condition of business and as to plaintiff's share, report of master, who saw the witnesses, heard the evidence, and who took an accounting between the parties, will be approved, in absence of reasons imperatively requiring that it be set aside.

2. PARTNERSHIP—BALANCE ERRONEOUSLY ACCEPTED BY PARTNERS IN SETTLEMENT MAY BE SURCHARGED FOR FRAUD OR MISTAKE.—A balance erroneously accepted by partners in a settlement, preparatory to or in pursuance of partnership dissolution, may be surcharged for fraud or mistake.

3. PARTNERSHIP—ACCOUNTING PROPERLY TAKEN BY MASTER, IN ACTION TO CANCEL DISSOLUTION CONTRACT ON THE GROUND OF FRAUD.—In action to cancel contract dissolving mercantile partnership, on the ground that plaintiff was fraudulently misled as to the financial condition of the business and as to his share thereof, it was proper for the master, to whom the case was referred, to take an accounting.

4. PARTNERSHIP—OBLIGATION TO ACT IN GOOD FAITH ESPECIALLY IMPERATIVE, WHERE PARTNER IS ENDEAVORING TO GET RID OF OR BUY OUT COPARTNER.—The obligation to act in good faith is especially imperative, where one partner is endeavoring to get rid of another, or to buy him out.

5. PARTNERSHIP—PARTNER REQUIRED TO MAKE FULL DISCLOSURE AS TO MATERIAL FACTS TO OTHER PARTNER.—In dissolving partnership and making settlement of partnership affairs, it is the duty of one partner, not only to refrain from intentional misrepresentation to copartner as to condition of partnership affairs, but to make full disclosure of all material facts.

6. PARTNERSHIP—PARTNER, WHO MISLED COPARTNER AS TO CONDITION OF PARTNERSHIP BUSINESS ON DISSOLUTION AND SETTLEMENT OF PARTNERSHIP AFFAIRS, WAS GUILTY OF FRAUD, ENTITLING COPARTNER TO EQUITABLE RELIEF.—Where partners were brothers-in-law, and one was the other's superior in intelligence and business ability, and had greater knowledge as to the affairs of the partnership, first partner, by misrepresenting material facts and concerning the true condition of the partnership business on dissolution of partnership and settlement of partnership affairs, was guilty of fraud, entitling copartner to equitable relief.

7. PARTNERSHIP—ALLOWANCE TO PLAINTIFF OF AMOUNT DUE, INSTEAD OF RESTORING PARTNERSHIP, HELD PROPER RELIEF IN ACTION TO CANCEL CONTRACT OF DISSOLUTION ON GROUND OF FRAUD.—In action to cancel contract of dissolution, and settlement of partnership affairs on ground that defendant fraudulently misled plaintiff as to condition of partnership business and his share thereof, it was proper merely to ascertain amount due plaintiff and to award him judgment therefor, instead of restoring the partnership.

ON PETITION FOR REHEARING

8. APPEAL AND ERROR—CASE INVOLVING PARTNERSHIP ACCOUNTING WILL NOT BE REOPENED GENERALLY, ON PLAINTIFF'S CONTENTION THAT FINDING OF MASTER WAS BASED ON ERRONEOUS CALCULATION.—In action to cancel contract, dissolving partnership on the ground of fraud, the Supreme Court, on appeal from judgment allowing plaintiff certain amount as his share after accounting taken by master, will not reopen case generally for the purposes of a partnership accounting, on plaintiff's contentions that calculations of master on which he based his finding as to amount due plaintiff were erroneos, but will remand cause with directions to recommit it to master for correction of finding based on erroneous calculation.

Before SHIPP, J., Florence, August, 1923. Reversed and remanded.

Suit by S. J. Badder against Sam N. Saleeby. Judgment for defendant, and plaintiff appeals.

*Messrs. Wilcox & Wilcox* and *Laughlin, Houck & Thames,* for appellant, cite: *Admission of testimony in an equity proceeding:* 1 Dess. Es., 289. *Relation between parties:* 20 R. C. L., 802; 103 S. E., 30. *Equitable jurisdiction:* 2d Pom., 910. *Fraud in equity:* 1 Story's Eq. Juris, Sec. 181. *Silence as fraud:* 12 R. C. L., 307, 309, 311. *Amended complaint:* 99 S. C., 31.

*Messrs. P. H. Arrowsmith* and *W. Marshall Bridges,* for respondent, cite: *"Allegata" and "Probata" must correspond in equity:* 35 So., 95; 67 Ill. App., 106; 2 N. W., 913. *Fraud action cannot be maintained where plaintiff had opportunity to ascertain the truth:* 107 S. C., 200.

December 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

This is a suit in equity to cancel a contract for fraud. The general subject matter of the contract was the dissolution of a mercantile partnership.

The plaintiff and defendant are Syrians who, for some six years prior to the commencement of the suit, appear to have been copartners in a fruit and candy business in Mullins and Florence. It is stated that "the parties entered into a partnership business in the Town of Mullins during January, 1916"; that "this business continued for approximately two years when the parties opened another store in Florence under the management of the defendant, Sam N. Saleeby"; that, "subsequently, the plaintiff likewise moved to Florence and opened a second business"; that "they operated the two stores jointly, each party being in charge of one of the stores"; that "on or about March 24, 1922, an agreement of dissolution was signed by the parties"; and that "shortly thereafter plaintiff commenced this action," etc.

The cause was referred to Hon. H. A. Brunson, Acting Master, who held one or more references and took the testimony offered by the parties. It was alleged in the complaint that the contract of dissolution and settlement of the partnership business had been entered into by plaintiff on the faith of certain representations made by the defendant to the plaintiff as to the condition of the business and as to the value of the plaintiff's share; "that the representation on the part of this defendant was untrue and false, and that defendant had knowledge of same and made said representations with fraudulent intent; and that this plaintiff had no way of learning the true condition of the business, and was misled," etc., by said false representations. The evidence, presented on the hearing before the Master, seems to have taken, without objection on the part of the defendant, somewhat the form of a partnership accounting. The plaintiff and the defendant testified; their respective wives (through an interpreter) also testified; and other relatives of the parties contributed their testimonial bit to the muddying or clarification of the troubled waters. The Master, in his report, found as a fact that the defendant was really due and owing the plaintiff $1,147.50 instead of the sum of $700.00, as provided in the dissolution agreement. His finding as to fraud and his conclusion as to the relief the plaintiff was entitled to receive are thus stated:

"As stated in the beginning, this action seeks to set aside the agreement between the parties on the ground of fraud. In this connection, I would not go as far as to say throughout, defendant deliberately attempted to deprive plaintiff of his rights, but I am convinced that plaintiff was not sufficiently informed about the details on which the contract was based. This lack of information constitutes a legal fraud, and, in my judgment, would warrant a setting aside of the written instrument herein. However, because of the lapse of time, and because of the present situation of the

parties, my conviction is that it would be useless to restore the partnership or to rescind the deed conveying the real property in Mullins to defendant. Rather, let those two matters stand as they are, and let the parties accept the finding herein as to the amount of money to pass. I believe that this finding is fair to both parties," etc.

The defendant excepted to the Master's report. These exceptions were sustained and the complaint dismissed in a short order by his Honor, Judge Shipp, who held as follows:

"The complaint seeks to set aside the dissolution formerly entered into by the copartners upon the ground of positive fraud. It was to meet this charge against him that the defendant appeared. He had no notice that he would be required to go into an accounting by the pleadings. It appears from the evidence that the parties dealt at arm's length; one conducting one store, and one another, and each having the legal right to require full information as to the affairs and transactions of the other. There is nothing in the record from which actual fraud could be found, and the Master has especially held that there was no evidence of actual fraud, and in this situation he should have recommended dismissal of the complaint."

From the foregoing order the plaintiff has appealed upon exceptions which question the validity of each of the reasons or grounds assigned by the Circuit Court for the conclusion reached.

After careful consideration of the entire record we are of the opinion that the report of the Master comes nearer affording a fair and equitable solution of the controversy than is presented by the decree of the Circuit Judge, or than we could hope to reach by an independent analysis of the evidence or restatement of the accounts. The Master saw the witnesses, heard the testimony delivered from the stand, and had the benefit of that personal

observation of and contact with parties and witnesses which may be of peculiar value in arriving at a correct result in a case of this character. See *Means v. Means,* 5 Strob., 189. *Revels v. Revels,* 64 S. C., 273; 42 S. E., 111. Unless, therefore, the reasons suggested by the learned Circuit Judge imperatively require that the report of the Master should be set aside, we think, the Master's report should be approved.

Adverting to the grounds of the Circuit Judge's action, let us briefly consider these in order: First, it is suggested that the "complaint seeks to set aside the dissolution * * * upon the ground of positive fraud"; that "it was to meet this charge against him that the defendant appeared"; and that "he had no notice that he would be required to go into an accounting by the pleadings." Proof of the allegations of fraud made in the plaintiff's complaint would seem clearly to have required a re-examination of the accounting between the partners upon the basis of which plaintiff executed the contract of dissolution. No objection seems to have been interposed by defendant to the introduction of evidence of this nature. That "a balance erroneously accepted by partners in a settlement, preparatory to or in pursuance of partnership dissolution," may be surcharged for fraud or mistake is not open to question. It is with respect to such a balance, forming the consideration of the dissolution agreement, that the plaintiff charges fraud. We can see no sound basis for impeaching the Master's conclusions upon the ground that the inquiry conducted went beyond the scope of the complaint. See *Ehrmann v. Stitzel,* 121 Ky., 751; 90 S. W., 275; 123 Am. St. Rep., 224; and cases therein cited. *Kelsey v. Hobby,* 16 Pet., 269; 10 L. Ed., 961.

Second, as to the view of the Circuit Judge "that the parties dealt at arm's length," etc., and that "there is nothing in the record from which actual fraud

could be found," we cannot agree that that conclusion is warranted by the application to the facts of this case of that "fundamental principle in the law of partnership which requires good faith and mutual trust between the individual members of the partnership." *Ehrmann v. Stitzel, supra.* The obligation to good faith is especially imperative, "where one partner is endeavoring to get rid of another, or to buy him out." Lindley on Partnership, p. 303. In the case of *Ehrmann v. Stitzel, supra,* the Kentucky Court says:

"The necessity for good faith applies in the case of a sale by one partner to another of his partnership interest, and such sale will be sustained only when it is made for a fair consideration and upon full disclosure of all important information as to value."

The parties here were brothers-in-law. The defendant appears to be the plaintiff's superior in intelligence and business ability, and, certainly, as to the part of the business or separate store operated by him, the defendant's knowledge of the affairs of the partnership were superior to that of plaintiff. There was some evidence tending to establish, not only concealment, but misrepresentation of material facts. If so, in view of the duty resting upon one partner, not only to refrain from intentional misrepresentation, but to make full disclosure of all material facts to the other partner, there is, we think, ample evidential basis for a finding of fraud, sufficient to justify appropriate relief at the hands of a Court of Equity. That the Master found such fraud is, we think, clearly indicated by the language of his report above set out.

The relief recommended by the Master was clearly within the jurisdiction of the Court of Equity.

"In actions for the cancellation of instruments the Court, having possessed itself of the controversy as a Court of Equity, should determine the whole controversy between the parties, and enter a decree determining the rights of all." 9 C. J., 1260, § 202.

Thus, *Turner v. Otis,* 30 Kan., 1; 1 P. 19, is cited as holding that a settlement between partners upon dissilution will not necessarily be wholly set aside because of misrepresentation and deceit, etc., but, if justice can be done by making a correction, this will be done, and the settlement as a whole allowed to stand. 30 Cyc., 707, note 63. *Trump v. Baltzell,* 3 Md., 295. The Master's recommendation, as to the relief which should be accorded plaintiff, is in line with the course adopted in the cases cited.

The decree appealed from is reversed, and the cause remanded to the Circuit Court, with directions to confirm the Master's report, and render judgment accordingly.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur. MR. CHIEF JUSTICE GARY did not participate.

### ON PETITION FOR REHEARING

*Per Curiam.* By a petition for rehearing, the respondent has earnestly urged that the calculations of the Master upon which he based his finding as to the amount which should be paid by respondent to the appellant are erroneous. After consideration we are of the opinion that the contention raises a question as to which there is sufficient doubt to warrant a modification of the judgment heretofore rendered by allowing the cause to be recommitted to the Master for the purpose of having any finding of fact based upon an erroneous calculation, if such there be, corrected. Subject to such correction we adhere to the view that the Master's report should be confirmed. After the time which has elapsed since the dissolution and the change in the status which has necessarily resulted in the partnership affairs we are of the opinion that the ends of justice would not be promoted by reopening the case generally for the purposes of a partnership accounting.

It is accordingly adjudged that the decree appealed from be, and is hereby, reversed, and the cause remanded to the Circuit Court, with the following directions: (1) To re-

commit to the Master for the purpose of having any finding of fact based upon an erroneous calculation, if such there be, corrected, and (2) upon the coming in of the Master's supplementary report, to render judgment thereupon in accordance with the views expressed herein and in the opinion heretofore filed.

Reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.