13626

HUTCHISON *ET AL.* v. DANIEL *ET AL.*
IN RE: DANIEL'S ESTATE

(171 S. E., 13)

460

461

464

466

468

470

472

*Mr. J. M. Nichles,* for appellants,

*Messrs. Green & Green,* for respondents,

April 25, 1933.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This cause related to the final settlement of the estate of John T. Daniel, deceased, and an accounting on the part of the administrators of the estate, and was heard in the probate Court of Abbeville County. The Judge of Probate, A. B. Garwile, Esq., went thoroughly into all the matters involved in the settlement of the estate, and his decree states fully the facts, as developed in the evidence before him, and his conculsions of law and the reasons therefor.

On exceptions made by the administrators to the probate decree, the cause was heard by his Honor, Circuit Judge Featherstone, who sustained all except two of the conclusions of the Judge of Probate.

The administrators have appealed from the decree on circuit to this Court. There is no appeal on the part of any other party.

On examination of the record, we have not been convinced of any error in the Circuit decree, as complained of by the appellants.

The decree of the Judge of Probate, eliminating the statement of account, and the decree of the Circuit Judge will be reported.

We take the opportunity to again call to the attention of Judges of Probate, and through them to the attention of administrators and executors of estates, of guardians of infants, and of other persons acting in fiduciary capacities in the probate Courts, that this Court does not look with favor upon the very loose and careless manner in which the estates of deceased persons, wards, and beneficiaries of trusts generally have been handled in recent years. There has been too much lack of observance of legal requirements and proper business methods in the handling of such estates. The administrators, executors, guardians, committees, and others, placed in positions of trust, in too many instances fail to make the annual returns required of them by law, and Judges of Probate too often overlook requiring proper annual accountings.

The judgment of this Court is that the decree appealed from be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

ON PETITION FOR REHEARING, SEPT. 25, 1933

MR. CHIEF JUSTICE BLEASE: The petition of the appellants for a rehearing relates only to the findings and holdings of the Probate Judge, affirmed by the Circuit Judge, as to the matter of interest.

By special leave of the Court, the respondents were allowed to file an argument against the petition for rehearing. Therein it is contended that the exceptions of the appellants, both to the decree of the Probate Judge and to the decree of the Circuit Judge, did not properly raise the question as to the correct manner of calculating the interest due by the appellants. An examination of the exceptions shows, in our opinion, that the question was properly raised. In fact, in the argument originally submitted in behalf of the respondent, it was stated that one of the questions involved

was this: "Whether the Judge of Probate and the Circuit Judge correctly charged the administrators with interest in accordance with the decisions of this Court?"

On a careful re-examination of the record, we have reached the conclusion that there was error on the part of the Probate Judge as to the interest charged, and that likewise his Honor, the Circuit Judge, fell into error when he approved those charges.

The Probate Judge properly did not change the appellants with interest for the first year of their trust, but, in his calculations as to the succeeding year, he did not allow, as we conceive them, the decisions of this Court. From the total receipts of the first year, he deducted the total disbursements, and upon the balance thus ascertained to be on hand at the end of the first year, he computed interest at the rate of 7 per cent. per annum for the second year. The amount of interest so calculated and the receipts from other sources for the second year were added to the total amount on hand at the end of the first year; and from this sum there was deducted the disbursements for the second year. The balance thus stuck was adjudged to be the amount on hand, or the amount that should have been on hand, at the end of the second year. This method of striking the annual balance was followed throughout the accounting, covering a period of thirteen years.

The Probate Judge endeavored to follow the rule as to interest laid down in *Anderson v. Silcox,* 82 S. C., 109, 63 S. E., 128, 131, but we think he failed to properly apply the same. Therein it was stated: "The general rules on this subject are, first, that the fiduciary is chargeable with interest from the beginning of the year suceeding that in which he received his appointment (*Koon v. Munro,* 11 S. C., 139); second, that all funds received during the current year are to be regarded as unproductive until the end thereof, and all expenditures made during the course of the year should be regarded as made before the balance is struck, and that interest is chargeble upon the annual balance so struck

(*Nicholson v. Whitlock*, 57 S. C., 42, 35 S. E., 412). There may be special circumstances which would warrant a departure from these rules, but no such circumstances appear in this case. Any sums improperly expended by the administrators or guardian in this case must be treated as still in hand in striking the annual balance."

From the cited authorities, it seems the method adopted by the Probate Judge is to be followed only where the annual receipts, other than interest charges, exceed the annual disbursements; but, where such disbursements exceed such receipts, the annual receipts must be added to the balance on hand at the beginning of the year, and, from the aggregate, disbursements made during the year must be deducted, and on this balance only should interest be charged. Since the disbursements for each year, except those for the last two years, exceeded the annual receipts, it is manifest that the accounting must be restated in accordance with the above announced rule; that is to say, to the total on hand at the end of the first year should have been added the receipts for the second year, and from the sum thereof there should have been deducted all proper disbursements made during the second year, and upon the balance thus struck interest should have been calculated from the end of the first year. In like manner the balance should have been struck for each succeeding year when the disbursements exceeded the receipts.

Since the issue for our determination, stated in the petition for rehearing, has been well presented in written arguments by both counsel for the appellants and the respondents, and since it is apparent to the Court that there was error in our former opinion in approving the interest charges, it does not seen necessary to have a rehearing of the case, but, of course, the former decision should be corrected.

. The former opinion and judgement of the Court, filed in the cause, should be amended and modified as indicated herein, and it is so ordered.

The judgment of this Court is that the decree of the Circuit Judge, affirming the decree of the Probate Judge, be,

and the same is hereby, modified in the respect mentioned; that in all other respects the said decree be, and the same is hereby, affirmed; and that the cause be remanded to the lower Court for the purpose of carrying out the views announced by this Court.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.