15122

KARRES v. PAPPAS

(10 S. E. (2d), 15)

*Messrs. Dunlap & Dunlap,* for appellant,

*Messrs. Spencer & Spencer* and *Hemphill & Hemphill,* for respondent,

July 9, 1940.

The opinion of the Court was delivered by MR. JUSTICE STUKES.

This action for an accounting was commenced on September 1, 1933, by a member of a former partnership who alleges that the latter was formed between himself, his brother and the defendant in August, 1919, each with a one-third interest; the partnership profitably operated a varying number of restaurants and a confectionery in the city of Rock Hill. It is further alleged in the complaint that about May, 1922, plaintiff's brother withdrew, so transferring his interest that the remaining partners continued in ownership and operation of the enterprises in equal shares until June 14, 1932, when the partnership was dissolved by agreement under which plaintiff took over the confectionery individually and the sole management of the cafe then in operation passed to the defendant, but that there was no

complete accounting and settlement of the partnership affairs, that the defendant kept the books of the partnership without access thereto by the plaintiff and that a full accounting will disclose that a large sum of money is due and owing by defendant unto plaintiff. The prayer of the complaint was that the defendant be required to make discovery of all books and accounts of the partnership, for a complete accounting of its affairs and that plaintiff have "judgment against the defendant for such sum as may, upon proper accounting had, be found due and owing by the defendant to the plaintiff in the partnership settlement."

The answer, dated January, 1935, contains a denial that defendant is indebted to the plaintiff and, by way of affirmative defense, allegations to the effect that there had been various settlements between the partners from time to time and particularly upon the dissolution of the partnership on June 14, 1932, when the businesses were divided between the former partners, at which time the defendant agreed to pay to plaintiff the sum of four hundred dollars (which is also referred to in the copy of the answer in the record as four hundred and eighty dollars), whereupon the plaintiff took possession of the principal books and records of the partnership and destroyed the cancelled bank checks. There was further included in the answer a counterclaim for alleged indebtedness of plaintiff to defendant at the termination of the partnership of four hundred and eighty dollars evidenced by a promissory note then given and an additional sum of one hundred and ninety-two dollars; and the answer concludes with the prayer that the complaint be dismissed, for judgment in favor of defendant against the plaintiff for the sum of six hundred and seventy-two dollars and costs, and for such other and further relief as may be just and proper.

There was a general order of reference to a special Referee who held several references on dates from January, 1935 to April, 1937, and took testimony which appears in the record in

rather unsatisfactory narrative form. However, it is apparent from the report of the Referee that he carefully considered the evidence and painstakingly cast up the accounts between the partners. He held and recommended to the Court that there had never during the existence of the partnership been a valid and proper settlement between the partners and that as of August 1, 1922, after the withdrawal of the third partner, defendant was indebted unto plaintiff in the sum of nineteen hundred and forty-seven and 89/100 dollars, the recovery of which however was barred by the Statute of Limitations; and that as of June 12, 1932, the date of the final dissolution, defendant was indebted to plaintiff in the additional sum of seven hundred and 93/100 dollars, in which latter amount judgment was recommended for plaintiff against defendant, together with the costs of the action.

Plaintiff and defendant excepted to the report of the Referee and the matter was heard by his Honor, Judge Gaston, who by his decree dated January 31, 1939, confirmed the Referee's findings of fact, but reversed the conclusion of law that recovery of the sum due plaintiff by defendant as of August 1, 1922, was barred by statute, this upon the ground that his right thereto was not discovered by the plaintiff on account of the concealment thereof by defendant, and judgment was rendered against the defendant in the sum of twenty-six hundred and forty-eight and 22/100 dollars, being the total of the sums found by the Referee as due plaintiff on August 1, 1922, and June 12, 1932, respectively. The apparent discrepancy of sixty cents is not explained in the record, but no point is made of it in this appeal.

Plaintiff has appealed from the judgment upon a single exception charging error in the failure of the Circuit Judge to include in the judgment interest at the legal rate from the date of the dissolution of the partnership upon the amount found due to plaintiff, and this will be first disposed of. The amount of the judgment bears interest of course under the terms of Code, Section 6736, as amended.

We find no error on the part of the Court for not including interest in the judgment. None was sought in the complaint and the prayer contains no demand therefor. The demand sued upon was an unliquidated one, the amount of which was ascertained only after a long and intricate accounting. The following pertinent quotation is from 20 R. C. L. 1021: "While it seems impossible to lay down any unbending rule on the question whether interest should be allowed or disallowed on partnership accounts, the general rule appears to be that, in the absence of an agreement to the contrary, interest is not to be allowed on partnership accounts until after the balance is struck." Upon the point plaintiff has cited only one authority, *Kennedy v. Hill*, 89 S. C., 462, 71 S. E., 974, 976, from which he quotes as follows: "* * the individual accounts of the partners owing at the time of dissolution should bear interest from the date of the dissolution." But reference to the decision shows that the quotation applies to accounts owing by the partners to the partnership and is, therefore, not applicable here. In the opinion in *Bolch v. Smith*, 126 S. C., 338, 119 S. E., 909, 910, it was said: "We know of no authority for allowing interest upon this indebtedness, as it never became a liquidated sum." The same is here true. Plaintiff's exception to the judgment below is, therefore, overruled.

Before entering upon a discussion of defendant's appeal it should be stated that this is an action in equity and the facts involved which need be considered in order to dispose of the exceptions are included in concurrent findings thereon by the special Referee and the Circuit Judge, which brings the case within the rule that such findings of fact will not be disturbed on appeal unless there is no evidence to support them or such findings are against the clear preponderance of the evidence *Alderman v. Alderman*, 178 S. C., 9; 181 S. E., 897, 105 A. L. R. 102, and cases therein cited. This case does not come within the stated exception to the rule, for we find that there was evidence to support the findings and that the latter are not against

the clear preponderance of such. *Badder v. Saleeby,* 131 S. C., 101, 126 S. E., 438, may be aptly paraphrased to the effect that the report of the Referee, confirmed as to the facts by the able Circuit Judge, affords a fairer and more equitable solution of the controversy than we could hope to reach by an independent analysis of the evidence or restatement of the accounts. The Referee saw the witnesses, heard the testimony delivered from the stand, and had the benefit of that personal observation of and contact with the parties which is of peculiar value in arriving at a correct result in a case of this kind.

The foregoing observations dispose of defendant's exceptions insofar as they relate to the findings of fact below. However, they also raise the legal point that upon the withdrawal of plaintiff's brother from the original partnership, a new partnership entity was thereby created so that any balance owing plaintiff by defendant at that time, August 1, 1922, was not involved in the accounting of the affairs of the subsequent partnership, consisting only of plaintiff and defendant, and that such amount, which constitutes the larger part of the judgment, cannot be recovered by plaintiff in this action because the latter was not brought within six years from the date mentioned. In this connection plaintiff contends that there was no dissolution of the original partnership and cites *Schenk v. Lewis,* 125 S. C., 228, 118, S. E., 631, 636, in which it was said: "While it is true, as a general rule, that the death (here withdrawal) of a partner effects an immediate dissolution of the partnership, it is not always so." And 2 Story Eq. Jur. 916, was cited as authority for the conclusion that the death of a partner whose membership was principally for the purpose of the investment of his capital would not necessarily terminate the partnership relation as between the survivors.

However, we rest our denial of this contention of defendant on the ground that he is clearly not entitled to the bar of the Statute of Limitations in this case for

he did not plead such and the record discloses no effort on his part at any time during the prolonged proceedings to so amend his answer. Code of Civil Procedure of 1932, Section 356; *Fulmore v. Fulmore,* 115 S. C., 213, 105, S. E., 285; *Scovill v. Johnson,* 190 S. C., 457, 3 S. E. (2d), 543. These authorities leave no doubt that in order to have availed himself of the·Statute the defendant was required to have pleaded it instead of merely invoking it in argument at the trial before the referee and, presumably, also in argument before the Circuit Judge.

All exceptions are overruled and the judgment is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE, concur.