15238

LAZENBY v. MACKEY *ET AL.*

(14 S. E. (2d), 12)

508

*Messrs. Tobias & Turner* and *Williams & Stewart,* for appellants,

*Messrs. Gregory & Gregory,* for respondent,

April 1, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

This action was commenced on July 20, 1939, by the respondent against the administrators of the estate of R. B. Mackey and the surety upon their bond as such. It was brought by plaintiff as a creditor of the estate for the benefit of herself and other creditors who should come in and prove their claims, and several such did so. It was alleged in the complaint that Mackey died on June 13, 1929; that the administrators qualified on October 15th of that year and

the surety furnished the usual bond in the amount of $80,-000.00, which was afterward reduced to $30,000.00; that the only return was filed December 19, 1930, and that proof of plaintiff's claim, consisting of a promissory note of the deceased, was duly filed but she had not been paid her *pro rata* from the assets of the estate although certain claims not entitled to preference had been paid in full.

The defendants filed answers containing general denials and allegations of full and proper administration, the bar of the statute of limitations (now abandoned), stale demand, laches and equitable estoppel.

A consent order of general reference was made to a special Referee who held several references, took the evidence and made a report which was confirmed in the main by the decree of the trial Judge, from which latter this appeal was taken. Thus we are confronted with concurrent findings of fact by the Referee and Judge which will not be disturbed by this Court, if there was any evidence to support them or, in equity, unless they should be found to be against the clear preponderance of the evidence. Governing the latter, see *Karres v. Pappas,* 194 S. C., 512, 10 S. E. (2d), 15; and applicable to law cases is that principle illustrated by *Weston v. Morgan,* 162 S. C., 177, 160 S. E., 436.

These findings include, in addition to those already stated as allegations of the complaint, the facts that the estate owned one hundred and fifteen shares of a cotton oil company which were sold for $34,500.00 in 1930 and the proceeds applied upon various pledges made by the decedent, leaving an unpaid balance of $2,821.69 due the last pledgee, John T. Stevens. The latter also held as security for this indebtedness a mortgage upon certain livestock and farm equipment, which property was sold in 1933 at public auction for $4,341.50 and the proceeds paid to Mr. Stevens, thereby overpaying the indebtedness of the estate to him by $1,519.81; and the latter sum, instead of being handled as an asset of the estate by the administrators, was applied

upon their personal indebtedness arising out of farm operations engaged in by them after the year of the death of their intestate.

Additional sums for which the administrators were held to account include $508.04 representing sales of cotton made during the winter after the death of the decedent and not formerly accounted for; $377.04, a credit balance of the estate with a mercantile company as of December 31, 1929, afterward absorbed in the subsequent personal farming operations of the administrators; and the proper portions of unpreferred claims paid in full. Other findings below will be referred to in the discussion of the various grounds of appeal.

The appellants have framed six questions for the purpose of their argument as being raised by their exceptions to the judgment of the Circuit Court and the respondent has adopted them, so for convenience we shall discuss them in order.

The first relates to the factual findings below. They are substantiated by the testimony of the administrator, the defendant-appellant LeConte Mackey, the written statements of the creditors concerned and the testimony of the farm manager who served the decedent for years before his death and the administrators in their personal farm operations thereafter. No reason appears to disturb these conclusions. In fact, to do so would do violence to the governing rule referred to hereinabove.

Appellants complain that the Referee held in effect that the burden was upon the defendants to show a proper distribution among the creditors of the estate of assets coming into their hands, whereas the burden of proof was properly upon the plaintiff throughout. In view of the testimony and in view of the holding thereabout of the trial Judge with which we agree, this question has become academic in this appeal and need not be determined. All findings of fact favorable to respondent are supported by the weight of the evidence.

The special Referee recommended that the administrators be not allowed commissions and the Court so held. In this there was no error. They were appointed October 15, 1929, and should have filed their first accounting in September, 1930 (Section 9012, Code of 1932), and annually thereafter in order to be entitled to the statutory commissions. Instead their only return was made December 19, 1930. *Brannon v. Woodward,* 175 S. C., 1, 178 S. E., 249. Incidentally, no commissions were claimed by the administrators in the one return filed by them.

In casting up the accounts of the respondent and the other creditors of the estate who proved their claims in this action the Referee recommended and the Court allowed interest at the legal rate upon the portions of the respective claims which the creditors were found to have been entitled had there been proper and timely distribution, which is equivalent to charging the administrators with interest on funds in their hands and the point is so presented by the appellants. They argue that the charging of the administrators with interest is discretionary with the Court and follows a failure of duty on the part of the fiduciary in view of which consideration the interest charged below in this case is not justified and therefore constitutes error. We cannot agree; the administrators filed one return and that three months late; all of the assets of the estate were not reduced to possession and certain unsecured creditors were paid in full despite insolvency. Surely these actions were flagrant violations of their obligation for the faithful performance of their duties and should not be condoned by the Court by the latter's exercise of discretion favorable to them. *Hutchison v. Daniel,* 170 S. C., 459, 171 S. E., 13, and cases therein cited.

The fifth question is a general inquiry as to whether the administrators had not properly conducted the administration. What has already been said of the findings and conclusions by the Referee and the Circuit Court is sufficient to answer it in the negative. However, it

may well be said that the record is conclusive that the sole active administrator, the appellant LeConte Mackey, was inexperienced and negligent of his duties rather than willful, and very evidently lacked legal advice. The latter would surely have prevented his payment of unsecured and unpreferred claims in full when the assets of the estate did not warrant it, and likewise would have caused him to render accountings in accord with legal requirements and keep his vouchers and other records in safety or at least better than he did.

Finally appellants argue with force that respondent's █ and other creditors' claims are barred as stale demands, by laches and equitable estoppel and rely upon the authority of *Bell v. Mackey,* 191 S. C., 105, 3 S. E. (2d), 816.

The dates recounted above show that the administrators were appointed in October, 1929, and made their only return on December 19, 1930, whereas this action was commenced in July, 1939, and appellants contend that the record contains no satisfactory explanation of the intervening inaction of the claimants during which the records of the administrators were lost or destroyed under circumstances over which they had no control.

This question was so fully and ably discussed and disposed of by the Referee and the Court below that we merely quote with approval their language, as follows, first from the Referee's report:

"The nature of these defenses and the elements necessary to constitute same are fully covered in the opinion of the Court in the case of *Bell v. Mackey, supra,* so that it is unnecessary to discuss same in this report other than to state in order for the defendants to avail themselves of these defenses they must show: first, a delay of an unreasonable length of time by the plaintiff in instituting the action; second, that such delay is unexplained, and negligence in failing to do what in law should have been done. Applying the foregoing principles to the present case, I am of the opinion that this case should not be barred by laches, staleness of de-

mand, or equitable estoppel. In the first place, the action was instituted approximately eight (8) years and six (6) months after the administrators filed their first return, which return showed upon its face that the estate had not been fully administered and, in addition, there was subsequently filed in the Probate Court a petition of the administrators admitting that they had in·their possession assets of the estate, as shown by the appraisement, aggregating $15,000.00. In addition, the administrators have failed and refused to file a return or to give to these creditors any indication that their claims would not be paid. In view of these facts, I am of the opinion that the creditors did not wait an unreasonable length of time to institute this action. In the second place, there appears in the records of this estate in the Probate Court a statement from the surety on the bond of R. B. Mackey, administrator of the estate of Luther Lazenby, that there is a contingent liability against said surety, arising out of the administration of said estate, and requesting the Court not to discharge the administrators until the amount of such liability, which in turn did constitute a clam against the estate of R. B. Mackey, deceased, was ascertained. * * * the action of *Bell v. Mackey* above referred to was brought for the purpose of adjudicating this claim and that said action resulted in an opinion of the Supreme Court which was not handed down until July 12, 1939, which was only seventeen (17) days prior to the institution of this action. I find, therefore, that the delay in instituting this action is fully explained, even if without such explanation it were deemed to be unreasonably delayed.

"In addition, I might add that the defendants have not convinced me that the delay in instituting this action resulted in the loss of records which would have enabled the defendants to have explained their failure to pro rate the assets of the estate as they were required to do or to have proved any other fact which would have tended to relieve the defendants of liability or to have reduced the amount of such liability. Mr. LeConte Mackey did testify that these

records were removed when the building in which they were located was sold, but he did not state whether this occurred one, two, three, or more years after his return was filed. Furthermore, he did not claim that any of the claims paid by him were secured claims, other than the claims which I have allowed in this report. In fact, every claim which he testified was a preferred claim has been allowed by me, even though in some instances there was no evidence as to their being secured claims, other than his testimony."

The trial Judge in adopting this recommendation, added the following: "Therefore, in conclusion, I think exception No. 4 cannot be sustained. The plaintiff has a just claim and should be paid her pro rata share of the assets of the estate. She has been waiting at the door for her rights a long time and it is a reasonable inference from the record that she was lulled into the hope of receiving further dividends from the winding up of the Lancaster Department Store stock, especially as the administrators petitioned to reduce their bond to $30,000.00 from $80,000.00 until they could collect the rest of the assets. I do not see where the defendants have failed to produce any pertinent records in their favor as to the store records and other exhibits are full, complete and convincing. The Referee has correctly disposed of these issues."

All exceptions have been considered and are overruled.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.